UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JAY WALLACE ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:08-CR-61-TAV-HBG-1 |
| | ) | 3:15-CV-458-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 48]. The petition relies in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*; Doc. 49]. The United States responded in opposition [Doc. 52]; Petitioner replied in turn [Doc. 55]. During pendency of the motion, Petitioner submitted a request for leave to amend the original filing with both supplemental analysis and a novel claim for relief [Doc. 58]. For the following reasons, Petitioner's motion to supplement will be **GRANTED IN PART** and **DENIED IN PART**, and the petition will be **DENIED** and **DISMISSED WITH PREJUDICE.**

I.    BACKGROUND

On April 28, 2008, a confidential informant informed law enforcement authorities that Petitioner, whom he knew as "Randy," had cocaine for sale [Presentence Investigation Report (PSR) ¶ 9]. At the officers' direction, the informant arranged to meet Petitioner and drive him to another location; officers then stopped the vehicle, ordered Petitioner and the informant out of the vehicle, and found approximately twenty ounces of cocaine on the floor of the vehicle where Petitioner had been sitting [*Id.*]. After being advised of his *Miranda* rights, Petitioner admitted

that he owned the drugs in the vehicle and directed the officers to two other locations, where they found over forty ounces of cocaine and seven firearms, including a semi-automatic pistol [*Id.*].

On June 13, 2008, Petitioner pled guilty, as charged, without the benefit of a plea agreement, to possessing with intent to distribute at least 500 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A); possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and possessing a firearm as a fugitive from justice, in violation of 18 U.S.C. § 922(g)(2) [Doc. 15]. Based on a prior federal conviction for drug trafficking and an Ohio robbery conviction, the United States Probation Office deemed Petitioner to be a career offender subject to enhancement under Section 4B1.1 of the United States Sentencing Guidelines; Petitioner received a bottom-of-the-range 262-month term of incarceration, which this Court ordered he serve consecutive to an undischarged state-imposed term of incarceration for the Ohio robbery offense [Doc. 19].

Petitioner appealed and the Sixth Circuit remanded the case with instructions that this Court "better explain its rational for imposing the fully consecutive sentence [Doc. 23 p. 10]. On remand, this Court reimposed the same 262-month term of incarceration, but ordered that it be served concurrently with Petitioner's Ohio sentence [Doc. 37]. Petitioner appealed again, but the Sixth Circuit affirmed his conviction and sentence [Doc. 44]. The Supreme Court denied Petitioner's request for a writ of certiorari on October 7, 2014 [Doc. 47].

Slightly over one year later—on October 13, 2015—Petitioner submitted the instant petition asserting two grounds for collateral relief: the first claims counsel was constitutionally deficient because he failed to challenge Petitioner's § 924(c) conviction for sufficiency of evidence (Ground One) [Doc. 49 pp. 3–9]; the second seeks vacatur of Petitioner's sentence in

2

Case 3:08-cr-00061-TAV-HBG   Document 59   Filed 11/22/16   Page 2 of 11   PageID #: 353

light of the *Johnson* decision (Ground Two) [*Id.* at 9–15 (suggesting Ohio robbery is no longer a crime of violence and thus Petitioner no longer qualifies as a career offender)].

On September 30, 2016, Petitioner filed a request for leave to (1) supplement his arguments in support of Ground Two in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) [Doc. 58 pp. 2–9 (suggesting *Mathis* confirms that Ohio robbery is no longer a crime of violence)], and (2) introduce an entirely novel claim alleging ineffective assistance based on trial counsel's failure to challenge the § 922(g)(1) or § 922(g)(2) convictions as a violation of double jeopardy [*Id.* at 9–10 (suggesting that double jeopardy prohibits multiple convictions under § 922(g) based on a "single instance of possession")].

## II. TIMELINESS AMENDMENTS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). This same provision governs the timeliness of later-filed amendments. *Cameron v. United States*, No. 1:05-cv-264, 2012 WL 1150490, at *3–6 (E.D. Tenn. April 5, 2012) (citing *Olsen v. United States*, 27 F. App'x 566 (6th Cir. Dec. 14, 2001)). Petitioner has failed to demonstrate that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the government prevented

him from making the timely petition or the existence of facts affecting his case that could not have previously been discovered through the exercise of due diligence. Timeliness of his petition and proposed amendment depends on whether those documents were submitted in compliance with subsections (f)(1) and (f)(3).

### A. Timeliness of Petition Under Subsections (f)(1) and (f)(3)

For purposes of subsection (f)(1)—where the statutory period expires one year from the date on which the judgment of conviction becomes final—"a conviction becomes final at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where a defendant pursues direct review through to a petition for certiorari in the United States Supreme Court, direct review concludes when the Supreme Court either denies the petition for certiorari or decides the case. *Clay v. United States*, 537 U.S. 522, 532 (2003). Petitioner's conviction became final for purposes of subsection (f)(1) on October 7, 2014, the date on which the Supreme Court denied his request for a writ of certiorari; the window for requesting timely relief under subsection (f)(1) began to run on that date and expired one year later on October 7, 2015.

Failure to submit the instant petition until October 14, 2015—seven days after expiration of the one year period on October 7, 2015—makes Petitioner's motion untimely under subsection (f)(1). To the extent Petitioner attempts to rely on subsection (f)(3)'s independent one-year filing period for relief based on a newly-recognized right made retroactively applicable on collateral review to justify submission of the petition after October 7, 2015, only Ground Two—the challenge to his sentence in light of *Johnson*—arguably satisfies the conditions required to trigger the renewed limitations period. *See* 28 U.S.C. § 2255(f)(3) (requiring reliance on a newly recognized and retroactively applicable right); *see also Welch v. United States*, 136 S.

4

Ct. 1257, 1265 (2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).[1] Because Ground One does not assert a "newly recognized right" and thus cannot rely on subsection (f)(3), the timeliness of that claim depends on whether Petitioner has established grounds for tolling of the limitations window under subsection (f)(1).

### 1. Equitable Tolling of Subsection (f)(1)

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6lth Cir. 2001). Used sparingly, a petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

---

[1] It is not clear whether the "new rule" that results from application of *Johnson*'s reasoning in the Guideline context has been made retroactively applicable in the same manner as the rule created by its application in the ACCA context. *See Pawlak v. United States*, 822 F.3d 902, 911 (6th Cir. 2016) (holding that *Johnson*'s vagueness analysis applies equally to the Guidelines and, as a result, that the parallel residual provision contained in Section 4B1.2 was void for vagueness); *but see In re Embry*, No. 16-5447, 2016 WL 4056056, at *1 (6th Cir. July 29, 2016) (recognizing that "it is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive [to cases on collateral review] or as a rule dictated by *Johnson* that the Supreme Court has made retroactive"). The Court need not resolve the issue here, however, because the *Johnson* decision has no impact on the propriety of Petitioner's aggregate sentence.

5

Review of the petition [Doc. 48] and supplement [Doc. 58] fail to reveal a single extraordinary circumstance justifying Petitioner's failure submit the Ground One within the one-year window permitted by subsection (f)(1). *Compare Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D.T.N. Jan. 31, 2013) (rejecting request for equitable tolling of subsection (f)(1) in absence of evidence illustrating a diligent pursuit of the rights asserted); *with Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (granting request for equitable tolling where the petitioner pled facts indicating he had been separated from his legal materials for an extended period of time due to multiple detention transfers and an illness). Ground One of Petitioner's original petition will be dismissed for want of compliance with § 2255(f).

### B.  Timeliness of Supplement Under Subsections (f)(1) and (f)(3)

Failure to request leave to amend until September 30, 2016—eleven months after expiration of the window under subsection (f)(1) and three months after expiration of the window under subsection (f)(3)—means that the arguments therein will only be considered so far as they relate to Ground Two, i.e., Petitioner's timely *Johnson*-based request for collateral relief.

When an amendment is untimely, the Court looks to Federal Rule of Civil Procedure 15(c) to determine whether the proposed claims "relate back" to a timely, original pleading and are thus saved from being time barred by expiration of the statute of limitations. *Mayle v. Felix*, 545 U.S. 644, 656–57 (2005), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). An amended claim relates back if it "ar[i]se[s] out of the [same] conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). The Supreme Court has rejected a broad reading of "conduct, transaction, or occurrence" in the context of post-conviction relief and explained an amended petition will not relate back "when it asserts a new ground for relief supported by facts that differ

6

in both time and type from those [set forth in] the original pleading." *Felix*, 545 U.S. at 650. In other words, "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 658 (citations omitted).

Petitioner's proposed supplement can be divided in two: the first portion supplements the arguments made in support of Ground Two in light of the intervening decision *Mathis v. United States* [Doc. 59 pp. 2–9]; the second portion articulates an entirely novel theory of ineffective assistance of counsel [*Id.* at 9–10]. While the former shares a core of operative fact with Ground Two, the latter does not. Petitioner's request for leave to amend will be **GRANTED IN PART** so far as it seeks to supplement Petitioner's pre-existing arguments for relief based on the *Johnson* decision, but **DENIED IN PART** so far as it seeks to supplement the original petition with a never-before-raised theory of ineffective assistance of counsel. *See Howard v. United States*, 533 F.3d 472, 475–76 (6th Cir. 2008) (denying amendment "filed after [the limitation] period expires [absent] . . . relat[ion] back to the date of the original pleading").

## III. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

7

## IV. ANALYSIS OF TIMELY CLAIM

In his sole timely ground for collateral relief, Petitioner challenges the propriety of his career offender enhancement by arguing that the *Johnson* decision removed his prior Ohio-based conviction for robbery from Section 4B1.2's definition of "crime of violence" [Docs. 49, 58].

The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual §4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA, *see* U.S. Sentencing Manual § 4B1.2 (defining "crime of violence" through use of

8

use-of-physical force, enumerated-offense, and residual clauses), the sole distinction arising from the fact that the Guidelines' enumerated-offense clause covers only that subset of burglaries that involve a dwelling. *Compare* 18 U.S.C. § 924(e)(1) (listing "burglary, arson, or extortion"), *with* U.S. Sentencing Manual § 4B1.2(a) (listing "burglary of a dwelling, arson, or extortion").

The validity of Petitioner's sentence thus depends on whether two or more of his prior convictions qualify as "crimes of violence" under one of the unaffected provisions of Section 4B1.2. *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds in Mathis*, 136 S. Ct. at 2251 n.1. To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). They do so by employing a "categorical approach," under which it looks "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

Review of the record and PSR reveals that at least two of Petitioner's prior convictions categorically qualify as predicate offenses under Guideline provisions unaffected by *Johnson*.

As an initial matter, Petitioner does not dispute that his federal drug trafficking conviction remains a "controlled substance offense" for purposes of Section 4B1.2(b). *See* U.S.

9

Sentencing Manual § 4B1.2(b) (defining "controlled substance offense" as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense").

Further, at the time Petitioner committed the offense, the Ohio robbery statute read:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control;

(2) Inflict, attempt to inflict, or threaten to inflict physical harm on another;

(3) Use or threaten the immediate use of force against another

(B) Whoever violates this section is guilty of robbery. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.

Ohio Rev. Code § 2911.02 (2004). The record conclusively demonstrates that Petitioner was convicted of violating § 2911.02(A)(3)—third-degree robbery [Docs. 49, 49-1]. Because that variant expressly requires the "[u]se or threaten[ed] the immediate use of force against another," it thus qualifies under Section 4B1.2(a)(1)'s the use-of-physical force clause.[2]

Because a least two of Petitioner's convictions qualify as crimes of violence independent of the residual provision, the *Johnson* decision cannot operate as a basis for the requested relief.

---

[2] To the extent Petitioner seeks to collaterally attack the validity of his prior Ohio conviction [Doc. 49 p. 16 (claiming that his co-defendant "exonerated" him)], he is prohibited from doing so under the circumstances. It is well established that a defendant cannot collaterally challenge the validity of a prior state convictions at his or her federal sentencing unless he or she was completely deprived of his or her right to counsel during the prior proceeding. *Custis v. United States*, 511 U.S. 485, 490 (1994); *United States v. Aguilar-Diaz*, 626 F.3d 265, 269 (6th Cir. 2010). Petitioner has not alleged—let alone established—that such a deprivation occurred.

10

## V. CONCLUSION

For the reasons discussed above, Petitioner's motion for leave to supplement [Doc. 58] will be **GRANTED IN PART** and **DENIED IN PART**, and supplemented petition [Docs. 48, 58] will be **DENIED** and **DISMISSED WITH PREJUDICE.** The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**ORDER ACCORDINGLY.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE